UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM EPPERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03005-TWP-DML |
| ) | |
| HOWARD COUNTY CRIMINAL JUSTICE ) | |
| CENTER, ) | |
| STEVE ROGERS, ) | |
| JUSTIN CHRISTMAS, ) | |
| JEFFREY BRACKETT, ) | |
| ANDREA STONESTREET, ) | |
| ) | |
| Defendants. ) | |

**Entry Assessing Initial Partial Filing Fee, Dismissing Complaint, and Directing Plaintiff to Show Cause**

**I.** *In Forma Pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted.** The plaintiff is assessed an initial partial filing fee of Forty-One Dollars and Ten Cents ($41.10). He shall have **through December 9, 2016,** in which to pay this sum to the clerk of the district court.

**II. Screening**

Plaintiff William Epperly is a 59 year old inmate at the Howard County Criminal Justice Center in Kokomo, Indiana. He brings this civil rights complaint under 42 U.S.C. § 1983 alleging that the conditions of his confinement violate his Eighth Amendment rights. He names the following defendants: 1) the Howard County Criminal Justice Center ('the Jail"); 2) Steve Rogers; 3) Justin Christmas; 4) Jeffrey Brackett; and 5) Andrea Stonestreet.

Because Mr. Epperly is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).

1. **Howard County Criminal Justice Center**

Any claim against the Jail is **dismissed for failure to state a claim upon which relief can be granted** because the Jail is a building, not a person suable under section 1983.

2. **Andrea Stonestreet**

There are no allegations of wrongdoing asserted against Ms. Stonestreet. Her name only appears in the caption and list of defendants, but no facts support any plausible claim for relief. Accordingly, any claim against Andrea Stonestreet is **dismissed for failure to state a claim upon which relief can be granted.**

3. **Sheriff Steve Rogers**

The Court presumes that Sheriff Rogers is named as a defendant for the overcrowding claim. Mr. Epperly alleges that because the Jail is overcrowded the two man cells are now being used to house three men. He alleges there is little room to move in the cell and he is confined

there for 18 to 20 hours per day. He alleges he has to eat his meals in the cell, about three feet away from the toilet. He alleges that this is unsanitary.

Mr. Epperly also alleges that he went to see the jail physician about pain and swelling in his feet and legs. He was told to elevate his feet and legs and walk around to reduce the pain and swelling. He alleges that it is difficult to do this given the overcrowded cells.

Overcrowded jail conditions may violate the Constitution if the overcrowding leads to increased violence or deprivations of medical care, food, or sanitation. *Rhodes v. Chapman,* 452 U.S. 337, 347-48 (1981). Triple celling alone does not violate the Constitution. *McCree v. Sherrod,* 408 Fed.Appx. 990, 992 (7th Cir. Feb. 10, 2011). Any Eighth Amendment claim must satisfy the objective and subjective components of a deliberate indifference claim. *Id.* This means that the overcrowding must produce conditions that deny "basic human needs" or "the minimal civilized measure of life's necessities" and those conditions must be deliberately or recklessly imposed. *Id.* (citing *Rhodes*).

Some courts have found that severe unhygienic conditions, coupled with the jail's failure to provide detainees with a way to clean themselves and the cell, may rise to the level of a constitutional violation. Some courts have found that having non-functioning sinks and toilets and human waste in the cell may also state a claim. *See Budd v. Motley,* 711 F.3d 840, 843 (7th Cir. 2013) (poor sanitation and hygiene, an infection caused by the lack of sanitation, lack of heat and bedding, blocked ventilation, overcrowding, and inadequate recreation combined to state a conditions of confinement claim); *Vinning-El v. Long,* 482 F.3d 923, 924-25 (7th Cir. 2007). The sanitation component of Mr. Epperly's claim, that he has to eat within three feet of a toilet, however, does not rise to the level of deprivation required for an Eighth Amendment claim.

His claim that he finds it difficult to walk around to ease pain and swelling also lacks sufficient severity. Mr. Epperly was seen by a physician. He identifies no barrier to elevating his legs and he does not allege that he cannot walk in and outside of his cell. Therefore, the overcrowding claim asserted against Sheriff Rogers is **dismissed for failure to state a claim upon which relief can be granted.**

4.  **Jeffrey Brackett and Lt. Justin Christmas**

Mr. Epperly further alleges that on one occasion Officer Jeffrey Brackett gave him the wrong medication. The on-call nurse, Brittany, was called and she instructed the officer to check Mr. Epperly's blood pressure. When Mr. Epperly complained about the incident to Assistant Jail Commander Lt. Justin Christmas, he responded that, "All officers are trained. This was an accident." No harm is alleged from having taken the wrong (unidentified) medication one time.

At best, Mr. Epperly's claim against Officer Brackett is one of negligence. There are no facts alleged that would support a deliberate indifference claim. Mr. Epperly does not identify his medical condition or the type of medication at issue, nor does he allege that the officer intentionally gave him the wrong medication. Negligence is not sufficient to support a constitutional claim. *See Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (mere negligence does not provide a basis for liability under § 1983). The claims against Officer Brackett and Justin Christmas are **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

### III.  Further Proceedings

The dismissal however is without prejudice and Mr. Epperly shall have **through December 9, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend the complaint so that it states a claim upon which relief can be granted, the action will be dismissed for the reasons set forth in this Entry without further notice.

The clerk shall **update the plaintiff's address** on the docket by adding his identification number, #14352, and Howard County Jail.

Date: 11/9/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM EPPERLY, #14352, Howard County Jail, 1800 West Markland Avenue, Kokomo, IN 46901

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.